IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BERT R. AUSTIN,                                                                                    PLAINTIFF

vs.                                            Case No. 6:00-cv-6205

MICHAEL J. ASTRUE,[1]
Commissioner, Social Security Administration                             DEFENDANT

## MEMORANDUM ORDER

Pending now before this Court is the Plaintiff's Motion for Attorney's Fees brought pursuant to 42 U.S.C. § 406(b) (2004), a memorandum brief in support of this motion for attorney's fees, and an affidavit from the Plaintiff's attorney, Iva Nell Gibbons.  (Doc. No. 19 & 20).[2]  This motion and the supporting documents were filed on November 26, 2007.  The Commissioner of the Social Security Administration (Commissioner) responded on December 5, 2007.  (Doc. No. 21).  This matter is ready for decision.

**Background:**

Plaintiff appealed to this Court from the Commissioner's denial of disability insurance benefits (DIB).  (Doc. No. 2).  The Honorable Bobby E. Shepherd entered a Judgment on December 14, 2001 reversing the decision of the Administrative Law Judge (ALJ) and remanded the matter for further consideration.  (Doc. No. 13).  On October 26, 2006, the Commissioner entered a decision fully favorable to the Plaintiff.  (Doc. No. 19-1).

The Plaintiff was awarded a total of $139,399.00 in past-due benefits.  (Doc. No. 21-1).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

The Plaintiff attorney seeks 25 percent of past-due benefits as an attorney fee. (Doc. No. 19). The Plaintiff's attorney has also filed her contingency fee agreement with Plaintiff reflecting a 25 percent contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 19-5). This would result in an award of $34,849.75. The Plaintiff's attorney seeks this amount for 26.90 hours she asserts were devoted to the representation of Plaintiff before this Court. (Doc. No. 19).

The Defendant objects to this request for fees, Plaintiff's attorney's hourly rate, and the amount of fees requested. (Doc. No. 21). The Defendant does not object to the number of hours claimed by Plaintiff's counsel. The Defendant argues Plaintiff should be awarded attorney fees of no greater than $8,070.00. (Doc. No. 21). This figure is based on the total hours claimed by Plaintiff (26.90), multiplied by Plaintiff's normal hourly billing rate of $300.00.

Plaintiff was awarded fees under the EAJA of $2,325.00. (Doc. No. 18). Plaintiff's attorney has agreed to a refund of these fees to the Plaintiff. (Doc. No. 19). Additionally, Plaintiff attorney has received a fee of $4,000.00 for work performed at the administration level. (Doc. No. 19).

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the past-due benefits. *See Id.* Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level.

*See* 42 U.S.C. § 406(b)(1).  It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts.  *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for these fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *Id.*  The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees in Section 406(b) cases.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *Id.* at 808.  Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements."  *Id.*  The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b).  *Id.*  (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

When considering a fee award, the court must balance two important policy concerns.  On

3

one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases, particularly when the attorney faces a risk of nonpayment. *See Wallace v. Barnhart*, 2004 WL 883447, *3 (N.D.Iowa,2004). If remuneration is insufficient, then deserving claimants will be unable to find counsel. *Id. quoting McDonald v. Apfel*, 2000 WL 744115 *1 (W.D.Mo. June 8, 2000). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award.

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. 789 at 807.

**Discussion:**

Plaintiff's counsel asserts that she has spent 26.90 hours in the representation of Plaintiff before this Court. (Doc. No. 19). The contingency fee agreement between Plaintiff and Plaintiff's attorney reflects Plaintiff agreed to pay his attorney 25 percent of the past-due benefits awarded if

a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 19-5). Twenty-five percent of the Plaintiff's past-due DIB is $34,849.75. This total, divided by 26.90 hours, equals $1,295.53 per hour. In testing a contingent-fee arrangement for reasonableness, a District Court may properly consider whether a requested fee is disproportionate to the time expended by counsel, and would thus result in a windfall for the lawyer. In situations where the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002).

In this matter, I find that an attorneys fee award based on 25 percent of Plaintiff's past-due benefits would not be reasonable. Such an award would result in a windfall to Plaintiff's counsel given the fact only 26.90 hours were incurred in the representation of Plaintiff before this Court. As mentioned above, this would results in an hourly rate of $1,295.53. This is over four times Plaintiff's counsel normal hourly rate of $300.00. (Doc. No. 19). Furthermore, there is no evidence showing this matter presented issues which were novel or difficult or precluded Plaintiff's counsel from accepting other employment. The Court notes Plaintiff's counsel has been practicing social security law for more than twenty-eight years, has worked as an attorney and senior attorney for the Social Security Administration for four years, and is qualified as an Administrative Law Judge. The Court also considered the fact, according to Plaintiff's counsel, the case file was lost for several years following this matter being remanded by the Court. (Doc. No. 20 Pg. 2). Although not the fault of Plaintiff's counsel, this delay did result in the past-due benefits being much larger than had the case file not been lost. Because of the nearly five (5) year delay between the remand on December 14, 2001 and the Commissioner's decision awarding benefits on October 26, 2006, the

total amount of past due benefits grew substantially. During that five (5) year period of delay Plaintiff's counsel only expended two (2) hours of compensable time on this case. (Doc. No. 19-7).

Balancing the Court's duty to protect the Plaintiff's disability award against a fee that is substantial enough to encourage attorney's to accept social Security cases, and considering the factors listed above, the Court finds that a fee of $13,395.00 is a reasonable fee award.[3]

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $13,395.00. Plaintiff's counsel will refund the earlier EAJA award of attorneys fees in the amount of $2,325.00 to the Plaintiff.

**IT IS SO ORDERED** this **29th day of February, 2008.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] I note that a fee of $13,395.00 is approximately 10% of the total past due benefits awarded and results in a hourly rate of compensation of $497.96 per hour for Plaintiff's Counsel.